# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM BURKE,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-424-Orl-31JGG**

**CRESCENT RESOURCES, LLC and**
**RINEHART DEVELOPMENT &**
**INVESTMENT GROUP, LLC,**

          **Defendants.**

## ORDER

This matter is before the Court on the Plaintiff's Motion to Remand (Doc. 13), Crescent Resources, LLC's ("Crescent") Memorandum in Opposition thereto (Doc. 15), Crescent's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 14), and the Plaintiff's Response in Opposition thereto (Doc. 16).[1] In an Order dated May 24, 2006 in the case of *Brottem v. Crescent Resources LLC & Rinehart Development & Investment Group, LLC*, Case No. 6:06-cv-306-Orl-31KRS, the Court determined that Rinehart had been fraudulently joined and dismissed Rinehart from that case. (*See* Doc. 41, Case No. 6:06-cv-306). More specifically, the Court concluded that Rinehart was entitled to assert the statutory third party defense under Florida Statute section 376.308(2), and that the Plaintiffs in that case therefore could not state a valid claim against Rinehart. (*Id*. at 12-13).

---

[1] The Court has consolidated these matters inasmuch as both sets of Motions address similar issues, namely the statutory third party defense, so that the Court may resolve all pertinent issues in as complete, thorough and expeditious a manner as possible.

Those same principles apply here.  First, Crescent argues that Rinehart was fraudulently joined based, *inter alia*, on the statutory third party defense.  (*See* Doc. 15 at 7-9).  Second, Crescent moves for dismissal of the claims against it on the ground that the Plaintiff cannot overcome the third party defense as it relates to Crescent, because: (1) the Plaintiff last worked at the facility on September 30, 1998; (2) the Plaintiff was an employee of Siemens Communications, Inc. (who currently operates the manufacturing plant at the facility) and/or one of the previous operators of the facility; (3) Crescent has never owned or operated the facility where the Plaintiff worked; (4) Crescent has never had any interest in the land on which the facility is located; (5) the property Crescent purchased in July of 2000 is adjacent to the property owned by Rinehart (which contains the facility in question); and (6) prior to purchasing that property, Crescent had no ownership interest in it, did not conduct business operations there, and had no contractual relationships with any prior owners, directly or indirectly; and (7) Crescent never employed the Plaintiff directly or indirectly.[2]  (Doc. 14 at 22-23, 26-27).

The Plaintiff does not contest these facts, but instead asserts that the third party defense includes a knowledge requirement which Crescent has not overcome; in other words, that even under the third party defense, a current owner must show that it had no knowledge of the pollution when it acquired the contaminated property.  (*See* Doc. 16 at 5-9).  The Plaintiff bases this argument on a reading of the language of *Aramark Uniform & Career Apparel, Inc. v. Easton*, 894 So. 2d 20 (Fla. 2004).

---

[2] These facts are taken from affidavits Crescent submitted along with its Motion.

In *Aramark*, the Florida Supreme Court engaged in distinct, separate discussions of the innocent purchaser defense, which includes a knowledge requirement (*see* F.S. § 376.308(1)(c)),[3] and the third party defense, which does not (*see* F.S. § 376.308(2)(d)).[4] Nowhere in its discussion of the third party defense does the Florida Supreme Court mention a knowledge requirement. The Plaintiff thus attempts to make two arguments. First, the Plaintiff argues that a knowledge requirement in the third party defense is apparent from the language of the statute, which includes

---

[3] Florida Statute section 376.308(1) specifically provides, in relevant part:

> In any suit instituted by the department under ss. 376.30-376.319 . . . the following persons shall be liable to the department for any discharges or polluting condition:
> . . .
> (c) In the case of a discharge of petroleum, petroleum products, or drycleaning solvents, the owner of the facility, the drycleaning facility, or the wholesale supply facility, unless the owner can establish that he or she acquired title to property contaminated by the activities of a previous owner or operator or other third party, that he or she did not cause or contribute to the discharge, *and that he or she did not know of the polluting condition at the time the owner acquired title*.

F.S. § 376.308(1) (emphasis supplied).

[4] Florida Statute section 376.308(2) specifically provides, in relevant part:

> In addition to the defense described in paragraph (1)(c), the only other defenses of a person specified in subsection (1) are to plead and prove that the occurrence was solely the result of any of the following . . .
> . . .
> (d) An act or omission of a third party . . . and the defendant establishes by a preponderance of the evidence that:
>   1. The defendant exercised due care with respect to the pollutant concerned, taking into consideration the characteristics of such pollutant, in light of all relevant facts and circumstances.
>   2. The defendant took precautions against any foreseeable acts or omissions of any such third party and against the consequences that could foreseeably result from such acts or omissions.

F.S. § 376.308(2).

terms such as "precautions," "exercised due care," and "forseeably result." The Court rejects this argument, because where the Florida Legislature sought to include a knowledge requirement, as in the innocent purchaser defense, it specifically did so. Second, the Plaintiff points to specific language in the *Aramark* decision to support his position: "[T]he Legislature placed the burden on the owners of contaminated property to affirmatively prove their lack of involvement with, and knowledge of, the pollution, or to avail themselves of another affirmative defense."[5] *Aramark*, 894 So. 2d at 25. However, the paragraph in which the Florida Supreme Court's language appears makes no specific reference to the third party defense, and the Plaintiff's argument in this regard strains that language beyond a reasonable interpretation. Absent specific authority to the contrary, the Court simply cannot read a knowledge requirement into the third party defense. Accordingly, and for the reasons stated in the Court's Order in the *Brottem* case, it is

**ORDERED THAT** the Plaintiff's Motion to Remand (Doc. 13) is DENIED and Rinehart is dismissed from this case. It is further **ORDERED THAT** Crescent's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 14) is GRANTED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 26, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[5] However, in citing this language, the Plaintiff conveniently omitted the commas around the "and knowledge of" language found in the original text, (*see* Doc. 16 at 5), thereby giving that language a different meaning than it truly has.